UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DEON TURNER, JR.,<br><br>          Plaintiff,<br><br>     v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>          Defendants. | Case No.: 1:21-cv-00673-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST THE ADMINISTRATIVE REMEDIES<br><br>(ECF No. 19) |

Plaintiff Steven Deon Turner, Jr., is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on April 22, 2021.

On September 1, 2021, the Court ordered Plaintiff to show cause why the action should not be dismissed, without prejudice, for failure to exhaust the administrative remedies. (ECF No. 19.) Plaintiff filed a response on September 17, 2021. (ECF No. 20.) In his response, Plaintiff concedes that "it is in my best interest to request that this case be dismissed." (Id. at 1.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court

1

must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532

(2002).

Prisoners are required to exhaust before bringing suit. Booth, 532 U.S. at 741. From the face of Plaintiff's Complaint, it is clear that Plaintiff filed suit prematurely and in such instances, the case may be dismissed. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) (where failure to exhaust is clear from face of complaint, case is subject to dismissal for failure to state a claim under Rule 12(b)(6)); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal....") (overruled on other grounds by Albino, 747 F.3d at 1168-69); see also Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) ("Dismissal for failure to state a claim under § 1915A 'incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).' ") (quoting Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)).

There are currently two levels of review within the California prison administrative grievance process. Cal. Code Regs. tit. 15, §§ 3482, 3483, 3486. Generally, "[c]ompletion of the review process by the Office of Appeals constitutes exhaustion of all administrative remedies available to a claimant within the Department." Cal. Code Regs. tit. 15, § 3486. The Supreme Court has held that there are no "special circumstances" exceptions to the exhaustion requirement. Ross v. Blake, 578 U.S. 1174, 136 S.Ct. 1850, 1856 (2016). However, the one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." Id. As described by the Ross Court:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates. See 532 U.S., at 736, 738, 121 S.Ct. 1819. . . . Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. . . . And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation. . . . As all those courts have recognized, such interference with an inmate's pursuit of relief renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

Id. at 1859-60.

It is clear from the face of Plaintiff's complaint that he has not exhausted administrative remedies pursuant to the Prison Litigation Reform Act, 41 U.S.C. § 1997 (e)(a), before filing this lawsuit. Plaintiff states, "COVID-19 poses a high risk of serious illness or death[.]   If there were any

administrative remedies available to Plaintiff, in two month time, Plaintiff may be seriously ill from COVID-19 or worse. Thus, this pandemic creates a rare situation where the exhaustion of remedies rule does not apply because denial of judicial review "immediately" would result in irreparable damage to Plaintiff life and health." (Compl. at 4.) Plaintiff has failed to demonstrate that any of the circumstances set forth in Ross apply. Rather, he contends that it may take two months to exhaust administrative remedies, and he speculates that he could become seriously ill within that time period. However, the Supreme Court has not recognized a "lengthy-of-time or "futility" exception to the exhaustion requirement. See Booth, 532 U.S. at 741 n.6. Thus, it is clear on the face of the complaint that Plaintiff failed to exhaust his administrative remedies before filing suit, and Plaintiff concedes to dismissal of the action. (ECF No. 20.) Accordingly, dismissal of the instant action, without prejudice, is warranted.

### III.
### RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the instant action be dismissed, without prejudice, for failure to exhaust remedies prior to filing suit.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 21, 2021**

UNITED STATES MAGISTRATE JUDGE